I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6·8·12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN - 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON WADE, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES et al., <br><br> Defendants. | Case No. CV 12-4019-JVS (JPR) <br><br> ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

Plaintiff filed a pro se civil rights action on May 16, 2012. He subsequently was granted leave to proceed in forma pauperis. Plaintiff raises claims against five Defendants, namely, the City of Los Angeles, Sheriff Lee Baca, and John Does One, Two, and Three, for using excessive force against him and then denying him adequate medical treatment, in violation of his Fourth, Eighth, and Fourteenth amendment rights. Plaintiff alleges that on September 4, 2009, the unnamed Los Angeles County Sheriff's Deputy Defendants used excessive force when they kicked and punched him in the face, back, and head and beat him with

metal batons while he was handcuffed on the floor.[1] (Compl. ¶¶ 1-4.) Plaintiff also alleges that they pepper-sprayed him in the face and eyes. (Id. ¶ 5.) After the incident, Plaintiff alleges without further elaboration, he was "denied medical treatment." (Id. ¶ 9.) Although Plaintiff has sued the City of Los Angeles and Sheriff Baca, the Complaint contains no allegations against them, conclusory or otherwise.

After screening the Complaint in accordance with 28 U.S.C. § 1915(e)(2) prior to ordering service, the Court finds that it largely fails to state federal civil rights claims upon which relief might be granted.

Because it appears to the Court that at least some of the deficiencies of the Complaint are capable of being cured by amendment, the Complaint is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear deficiencies cannot be cured by amendment). If Plaintiff desires to pursue this action, he is ORDERED to file within 28 days of the service date of this Order a First Amended Complaint remedying the deficiencies discussed below.

## STANDARD OF REVIEW

The Court's screening of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A is governed by the following standards. A complaint may be dismissed as a matter of law for failure to

---

[1] Plaintiff alleges that additional unnamed deputies participated in the beating but lists only three John Doe deputies as Defendants. (Compl. ¶ 4.)

1  state a claim "where there is no cognizable legal theory or an
2  absence of sufficient facts alleged to support a cognizable legal
3  theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d
4  1035, 1041 (9th Cir. 2010). In considering whether a complaint
5  states a claim, a court must accept as true all the factual
6  allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.
7  Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court need not
8  accept as true, however, "allegations that are merely conclusory,
9  unwarranted deductions of fact, or unreasonable inferences." In
10 re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).
11 Although a complaint need not include detailed factual
12 allegations, it "must contain sufficient factual matter, accepted
13 as true, to 'state a claim to relief that is plausible on its
14 face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v.
15 Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d
16 929 (2007)). A claim is facially plausible when it "allows the
17 court to draw the reasonable inference that the defendant is
18 liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A
19 document filed pro se is to be liberally construed, and a pro se
20 complaint, however inartfully pleaded, must be held to less
21 stringent standards than formal pleadings drafted by lawyers."
22 Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167
23 L. Ed. 2d 1081 (2007) (internal quotation marks and citations
24 omitted).
25
26
27
28

DISCUSSION

A.  **<u>Plaintiff's claims against the City of Los Angeles and Sheriff Baca and his assertion of a failure-to-treat claim fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8</u>**

Plaintiff's claims against the City of Los Angeles and Sheriff Baca and his failure-to-treat claim fail to comply with Federal Rule of Civil Procedure 8(a). Under that rule, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See <u>Twombly</u>, 550 U.S. at 556.

Plaintiff's claims fail to set forth a minimum factual and legal basis sufficient to give Defendants City of Los Angeles and Sheriff Baca fair notice pursuant to Rule 8. In fact, Plaintiff fails to mention those Defendants at all in the body of the Complaint. Plaintiff also states that he was denied medical treatment after the incident (Compl. ¶ 9) but fails to elaborate as to what sort of treatment he asked for or needed or the specific persons involved. The Court therefore finds that those allegations do not comply with Rule 8.

B.  **<u>Plaintiff fails to state a claim against the City of Los Angeles and Sheriff Baca</u>**

Plaintiff sues the City of Los Angeles and Sheriff Baca in their official and individual capacity.

4

### 1. City of Los Angeles

When an individual sues a local government entity for violating his constitutional rights, the municipality is liable if the individual can establish that the local government "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." Galen v. Cnty. of L.A., 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978)). A plaintiff may not sue any government entity on a theory of respondeat superior, which is not a theory of liability cognizable under § 1983. See Iqbal, 556 U.S. at 676; Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981). Thus, the City may be liable for the alleged actions of police deputies or other agents only if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or the alleged constitutional deprivation was "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991) (en banc).

Furthermore, isolated incidents of abuse do not suffice to state a claim against the City for an unconstitutional policy. "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis

1  v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989)
2  (emphasis in original); see also Thompson v. City of L.A., 885
3  F.2d 1439, 1444 (9th Cir. 1989) (noting that "proof of random
4  acts or isolated events are insufficient to establish custom"
5  within meaning of Monell), overruled on other grounds by Bull v.
6  City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010). Insofar
7  as the plaintiff is suing a municipal entity, he must identify
8  some particular municipal policy, custom, or practice that
9  violated his constitutional rights. Monell, 436 U.S. at 690-91;
10 Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999).

11       Because Plaintiff has failed to identify any official
12 municipal policy or longstanding custom or practice that caused
13 the alleged violation of his constitutional rights, he has not
14 stated a constitutional claim against the City of Los Angeles in
15 its official capacity. See City of Canton v. Harris, 489 U.S.
16 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412 (1989) (to
17 state a claim against defendant in official capacity, plaintiff
18 must show that "there is a direct causal link between a municipal
19 policy or custom and the alleged constitutional deprivation").

20       Plaintiff also purports to sue the City in its individual
21 capacity. Plaintiff appears to misapprehend the meaning of an
22 "individual capacity" suit. An individual-capacity suit "seek[s]
23 to impose personal liability upon a government official for
24 actions he takes under color of state law," in contrast to an
25 official-capacity suit, which "generally represent[s] only
26 another way of pleading an action against an entity of which an
27 officer is an agent." Cmty. House, Inc. v. City of Boise, 623
28 F.3d 945, 966 (9th Cir. 2010) (internal quotation marks omitted).

Thus, the distinction between individual and official capacity does not apply in the case of a direct suit against a government entity, which should be sued in an official capacity only. See id. Accordingly, Plaintiff has failed to state a claim against the City of Los Angeles.

### 2. **Plaintiff fails to state a claim against Sheriff Baca**

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3015, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original). Thus, Plaintiff's claim against Sheriff Baca in his official capacity is properly treated as a claim against the Los Angeles County Sheriff's Department, the relevant local government entity. As explained above, to properly allege a § 1983 claim against this entity, Plaintiff must allege a constitutional deprivation and a policy, custom, or practice of the entity that was the "moving force" of the constitutional deprivation. Monell, 436 U.S. at 694-95; Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc).

To the extent Plaintiff intended to allege that Sheriff Baca was liable in his individual capacity on a supervisory liability theory, as opposed to having been directly involved in the alleged wrongdoing, government officials "may not be held liable

for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. Nonetheless, because a supervisory official may be liable on the basis of his own acts or omissions, a plaintiff may sufficiently state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in the unconstitutional conduct of his subordinates. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Thus, the supervisor is liable either if he was personally involved in the unconstitutional deprivation by acting in a manner that was deliberately indifferent or there was a sufficient causal connection between his wrongful conduct and the deprivation. Id. at 1206-07. Here, Plaintiff does not allege any facts implicating Sheriff Baca in violating his federal civil rights or showing that Sheriff Baca had actual knowledge of, and acquiesced in, the alleged constitutional deprivations. Accordingly, Plaintiff has failed to state a claim against Sheriff Baca.

C. **Plaintiff fails to state a claim against Deputy Does One to Three in their official capacity; however, he arguably has raised a sufficient claim against them in their individual capacity**

In order to state a claim for excessive force, a plaintiff must allege that the defendants used force "maliciously and sadistically for the very purpose of causing harm" and not in "a good faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992).

Plaintiff sues Deputy Does One to Three in their official

and individual capacity. As explained above, he has failed to allege an official-capacity claim against the Doe Defendants because an official-capacity claim is essentially a claim against the Los Angeles County Sheriff's Department. See Graham, 473 U.S. at 166. Further, although Plaintiff may have stated a claim against the Doe Defendants in their individual capacity because he alleges that they each maliciously beat or pepper-sprayed him, the Court cannot direct service of process until they are identified. If Plaintiff files a First Amended Complaint that alleges facts sufficient to state a claim against the City of Los Angeles or Sheriff Baca, he may then be given an opportunity to identify the unknown Defendants through discovery.[2]

*****************

If Plaintiff desires to pursue any of the claims in the Complaint, he is ORDERED to file a First Amended Complaint within 28 days of the service date of this Order, remedying the deficiencies discussed above. The First Amended Complaint should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without

---

[2] Plaintiff admits that he did not file a grievance with the pertinent prison authorities because he was afraid of the potential consequences and was unfamiliar with the procedure. (Compl. ¶ B.2.) Although a prisoner's failure to exhaust administrative remedies is an affirmative defense to be raised and proved by the defendant, Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), the Court notes that the Prison Litigation Reform Act of 1995 ("PLRA") mandates compliance with the exhaustion requirement before filing a civil rights action in federal court, Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 918-19, 166 L. Ed. 2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Plaintiff's failure to exhaust his administrative remedies constitutes an additional apparent deficiency of his Complaint.

1 | reference to the original Complaint or any other pleading,
2 | attachment, or document.  **Plaintiff is admonished that if he**
3 | **fails to timely file a First Amended Complaint, his Complaint may**
4 | **be dismissed with prejudice on the grounds set forth above and/or**
5 | **for failure to diligently prosecute.**

DATED: June 8, 2012

*/s/ Jean Rosenbluth*
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE